## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**PETER HERNANDEZ,**
                **Petitioner,**

**vs.**                                                    **3:10cv109/WS/MD**

**UNITED STATES DEPARTMENT**
**OF JUSTICE, BUREAU OF JUSTICE**
**PROGRAMS, JUSTICE STATISTICS**
**DIVISION,**
                **Respondent.**

_____

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for writ of mandamus directed to the United States Department of Justice. The government responded by filing a motion to strike and dismiss, or, in the alternative, motion for summary judgment (doc. 13). Petitioner has filed a "motion to strike defense as insufficient and for summary judgment." (Doc. 18).

In his petition for writ of mandamus, petitioner states that he seeks an order directing that the Justice Department provide him with information he requested regarding the relative success rates of Hispanic pro se indigent litigants vis-a-vis the success rates of white litigants. The defendant has moved to dismiss, claiming that this court does not have jurisdiction over this matter, and that the complaint fails to state a claim upon which relief can be granted because the requested materials do not exist.

**Venue/Jurisdiction**

Defendant first argues that jurisdiction is not proper, because at the time petitioner filed his petition, he was incarcerated at Florida State Prison in Raiford Florida. Thus, respondent argues, the petition should have been filed in the Middle District, where Raiford is located.

Venue for civil actions alleging a Freedom of Information Act ("FOIA") violation is governed by 5 U.S.C. § 552(a)(4)(B). This section provides:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principle place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(a)(4)(B). Petitioner makes the novel argument that he does not reside in Raiford, but rather that he resides in the "Florida Department of Corrections," which has its principle place of business in Tallahassee, Florida. Therefore, he concludes, because Tallahassee is within the Northern District of Florida, jurisdiction is proper in this court.[1]

Actually neither position appears to be correct, as the prisoner petitioner's current physical location is not necessarily determinative for purposes of venue. In *Ellingbur v. Connet*, 457 F.2d 240, 241 (5th Cir. 1972)[2] the former Fifth Circuit noted that for purposes of venue, a prisoner does not change his residence to the prison by virtue of being incarcerated. Similarly, in *Urban Indus., Inc. of Ky., v. Thevis*, 670 F.2d 981, 986 (11th Cir. 1982), the court concluded that the prisoner retained his

---

[1]Petitioner does not explain why, if he believes his place of residence to be Tallahassee, he did not file his petition in the Tallahassee Division of this court.

[2]The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Georgia residence despite his incarceration in Indiana.  670 F.2d at 986 (citing *Ellinburg*; *Brimer v. Levi*, 555 F.2d 656, 657-58 (8th Cir. 1977); *Kahane v. Carlson*, 527 F.2d 492, 494 (2nd Cir. 1975); *Cohen v. United States*, 297 F.2d 760, 774 (9th Cir.), cert. denied, 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962)); see also *Gutierrez v. Ornelas*, 54 Fed.Appx. 413 (5th Cir. 2002); *Simbaqeuba v. U.S. Dept. Of Defense*, 2010 WL 2990042 (S.D. Ga. 2010) (report and recommendation citing *Ellinbur* and *Thevis*); *Bontkowski v. United States*, 2005 WL 2756029 (M.D. Fla. 2005); cf. *Roman-Salgado v. Holder,* 730 F.Supp.2d 126 (D.D.C. 2010) (quoting *In re Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978) ("a prisoner has his residence at his place of confinement")). Although petitioner is currently incarcerated at the Florida State Prison in Raiford, DOC records indicate that his offenses of conviction occurred in Miami-Dade county.[3]  Thus, petitioner's residence for venue purposes may actually be in the Southern District of Florida.  Even if dismissal (or transfer) for improper venue is not warranted, the case should still be dismissed.

      Petitioner's FOIA request

      The crux of petitioner's claim is that his requests for information on the race of pro se litigants and the relative "success rate" each group has in pursuing such litigation have been ignored.  The defendant argues that when petitioner requested the information through the Bureau of Justice Statistics in 2009, that office responded in writing promptly through its clearinghouse,[4] within seven days, of his request.  The July 27, 2009 letter suggested the title of a publication that might be of interest to petitioner and advised of the applicable shipping and copying rates

---

[3] http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=1068716613.

[4] The National Criminal Justice Reference Service ("NCJRS") is the clearinghouse for the Bureau, and when the Bureau receives FOIA requests, it forwards them to the NCJRS to respond.  (Doc. 13, att. 1, ¶¶6-8).

along with the requirement that any order be pre-paid. (Doc. 1 at 32).[5] The record does not suggest that petitioner ever ordered the suggested publication, but also it does not appear from the title of the document, "Civil Rights Complaints in U.S. District Courts, 1990-2006," that it would have contained the information he requested. It is clear, however, that he received at least some response to his request.

Of greater significance is the declaration of the United States Department of Justice, Bureau of Justice Statistics statistician Thomas Cohen. Mr. Cohen's declaration, which was prepared in response to this litigation, sheds light on the substance of the petitioner's request. Mr. Cohen states in relevant part:

4. No statistics are kept nor [sic] any report generated by the Bureau of Justice Statistics regarding the race of parties, *pro se* or otherwise, filing civil complaints or petitions.

5. Specifically, the Bureau of Justice Statistics does not keep statistics or collect information on the number of civil prisoner petitions that are successfully or unsuccessfully filed in the nation's federal courts.

(Doc. 13, exh. 1, Declaration of Proof of Thomas Cohen).

To establish a viable FOIA claim, the petitioning party must show that an agency "(1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980). A FOIA request for documents that do not exist does not create a right to the information or a responsibility on the part of the agency receiving the request to create documents responsive to the request. *Id.* at 152, 100 S.Ct. at 969. Instead the request only obligates agencies to provide access to those which it has already created and retained. *Id.*; see also *Goldgar v. Office of Amin., Executive Office of the President*, 26 F.3d 32, 35 (5th Cir. 1994); *DelVecchio v. I.R.S.*, 360 Fed. Appx. 104, 2010

---

[5]Page references will be to pagination reflected on the court's electronic docketing system, as petitioner has not independently paginated or otherwise labeled his attachments.

WL 104657 (11th Cir. 2010) (quoting *Ray v. U.S. Dept. Of Justice,* 908 F.2d 1549, 1558 (11th Cir. 1990), *rev'd on other grounds sub nom. U.S. Dept. Of State v. Ray*, 502 U.S. 164, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991)).

Petitioner's unsupported, conclusory allegations that the NCJRS did not properly respond to his requests will not afford him relief. See *DelVecchio v. I.R.S.*, 360 Fed. Appx. 104, 2010 WL 104657 (11th Cir. 2010). He claims to have received correspondence from law firms or governmental agencies stating that the Bureau of Justice Statistics did compile the information he sought. In fact, the letters to which he refers at best can be read as offering the suggestion that petitioner might be able to find helpful information with the Bureau of Justice Statistics, not as a guarantee that such information was readily available. (See doc. 1 at 27, 30). Even if petitioner correctly interpreted the correspondence as stating that such reports existed, the belief of an agency or individual outside the Bureau of Justice Statistics about what that entity did or did not compile does not contravene the sworn declaration of the Bureau of Justice statistician to the contrary. (Doc. 18, ¶¶ 51-52).

Additionally, this court may take judicial notice of its own records and the procedures used in this court. There is no system in place in this court that requires reporting of a pro se litigant's race from which the statistics sought by the petitioner could be distilled. Petitioner's bald assertion that the names of the litigants would reveal whether the litigant is black, white or Hispanic is likely to be correct in the case of some Hispanic litigants, but certainly not all. (Doc. 18 at ¶ 35). Similarly, this court has no system in place that tracks the outcome of different kinds of litigation. Keeping statistics on "success rates" would be inordinately complex as "success" in a civil case is not a readily definable concept; it is not precisely parallel to the conviction/acquittal dichotomy that characterizes criminal cases. Finally, pro se litigation is affected by many factors including the frequently poor quality of the pleadings, the unschooled litigants' misinterpretations of what is necessary to show a constitutional violation, and the fact that individuals with meritorious cases are more likely to secure counsel, and hence do not proceed pro se.

The petitioner's belief that his efforts to litigate fourteen separate cases have been hampered merely because he has a Hispanic surname, even if held in good faith, does not create records that do not exist and does not obligate the defendant or any of its agencies to create such records for him.  He has failed to establish an actionable FOIA violation, and summary judgment should be granted for the defendant.

Based on the foregoing, it is respectfully RECOMMENDED:

The respondent's motion to strike and dismiss or in the alternative for summary judgment (doc. 13) be GRANTED and summary judgment be granted in favor of the respondent.

The petitioner's motion to strike defense as insufficient and for summary judgment (doc. 18) be DENIED.

At Pensacola, Florida, this 2nd day of February, 2011.


/s/ *Elizabeth M. Timothy*
ELIZABETH TIMOTHY
UNITED STATES MAGISTRATE JUDGE


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).